```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**CASEY RYGH,**

       Plaintiff,

v.                                  Civil Action No. 2:12-07387

**LT. MARGARET CLIFFORD and
DAVID BALLARD and
WARDEN JIM RUBENSTEIN, Commissioner, and
JOHN DOE OFFICERS, all in their
individual and official capacities,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion for summary judgment, filed April 9, 2013.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who submitted his proposed findings and recommendation ("PF&R") on February 21, 2014, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that the motion for summary judgment be granted respecting the Eighth Amendment claim for use of force until plaintiff was extracted from his cell, along with the First, Fifth, Sixth and Fourteenth Amendment claims, and his claims of supervisory liability. The magistrate judge additionally recommends that the court deny the motion for

summary judgment with respect to the Eighth Amendment claim arising out of the placement of plaintiff in a restraint chair for six hours following his extraction ("Eighth Amendment restraint claim").

On March 7, 2014, defendant Lieutenant Margaret Clifford objected to that portion of the PF&R denying judgment as a matter of law on the Eighth Amendment restraint claim. Her objections provide the following factual summary respecting what occurred with the plaintiff from the point of his extraction forward:

> The OC spray subdued the inmate, and moments later he asked to be taken out of the cell. The inmate became compliant with security related instructions, and removed the covering from the window of his cell. He also put his hands through the feeding slot to be cuffed.
>
> Following the cell extraction, inmate Rygh was escorted without incident to the rec yard where he was examined by the nurse. The OC spray was cleaned out of his eyes and he was placed in the restraint chair. The restraint chair was then moved to the medical area of the unit. Mr. Rygh remained in the restraint chair for approximately six hours. While in the restraint chair, Mr. Rygh was checked by staff every fifteen minutes and was given opportunities to use the bathroom and eat. While protocol allows an inmate to be kept in the restraint chair for up to eight hours, Lt. Clifford felt that the inmate seemed compliant after six hours. At 6:10 p.m., Mr. Rygh was returned to his cell without incident.

(Clifford Objecs. at 5). Lieutenant Clifford additionally notes, as did the magistrate judge, that "'the conditions under

which the plaintiff was held in the restraint chair were not otherwise malicious or sadistic, as he was permitted to use the bathroom and eat and was regularly examined for discomfort.'" (Id. at 7 (quoting PF&R at 28 n.2).  Under these circumstances, Lieutenant Clifford asserts that there is absent "a showing that the force used [in the restraint process] was . . . 'maliciously and sadistically for the very purpose of causing harm[.]' Whitley v. Albers, 475 U.S. 312, 320-21 (1986)."

As the magistrate judge noted, and as Lieutenant Clifford appears to concede, once plaintiff was extracted the situation changed markedly.  The necessity and amount of force used by way of the restraint chair, for six hours, with no appreciable safety risk, gives rise to a genuine issue of material fact respecting the Whitley test.  Lieutenant Clifford may ultimately prevail inasmuch as the balance of the Whitley factors suggest that (1) the force applied was tempered by breaks and monitoring, and (2) the severity of any injury sustained appears slight, if any occurred at all.  Nevertheless, summary judgment is not warranted.

Lieutenant Clifford's appeal to the defense of qualified immunity fails for similar reasons.  The defense turns squarely on genuine issues of material fact within the parameters of the Whitley test.  For example, in addition to the

3

factual recitation offered by the defendants above, plaintiff asserts that, when he was placed in the restraint chair, Lieutenant Clifford stated "'see how you like this' and 'where are your buddies now.'" (Pl.'s Resp. at 9). That allegation gives rise to a genuine issue of material fact respecting whether the force applied was purposed to maliciously and sadistically cause harm rather than as a "good-faith effort to maintain or restore discipline . . . ." Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008) (applying the Whitley test in the qualified immunity setting). Lieutenant Clifford is thus not entitled to qualified immunity on the claim. The court concludes that Lieutenant Clifford's objections lack merit.

On March 10, 2014, plaintiff objected on multiple grounds. First, plaintiff objects to the magistrate judge reciting his prior criminal history and disciplinary record. The court has treated those matters as background information not impacting the result reached. The objection is not meritorious.

Second, plaintiff states that there is a genuine issue of material fact respecting the manner and force with which he kicked his cell door. That fact also does not impact the result reached. Indeed, the magistrate judge does not appear to have made a finding adverse to plaintiff on this point. Plaintiff

appears to merely be taking issue with the defendants' position on the matter.

Third, plaintiff challenges the failure to return his food tray as a justification for his extraction and the use of OC spray. He asserts that his "extraction and the use of chemical weapons was an exaggerated response to an imaginary threat which was completely unnecessary." (Pl.'s Objecs. at 6). Specifically, he contends that he was only attempting to garner attention, that correctional officials have allowed inmates to keep food trays for extended periods in the past, and that the tray could not be used as a weapon. He relies upon <u>Walker v. Bowersox</u>, 526 F.3d 1186 (8th Cir. 2008).

While the plaintiff in <u>Walker</u> was pepper sprayed after failing to return his food tray, the similarity between the two cases there ends. Foremost, the correctional officer in <u>Walker</u> gave no warning before spraying the chemical into the plaintiff's cell port, with a high-capacity sprayer used for riot situations. The inmate was then sprayed directly in the face a second time while moving away. His bedding was also sprayed and he was forbidden from showering or changing into clean clothes for three days. In this case by contrast, plaintiff was warned to comply once the extraction team assembled. He ignored the warning even after the sting ball

grenade executed in his cell. Plaintiff complied only after use of the OC spray. The decision in *Walker* does not aid the plaintiff.

Next, plaintiff relies upon Mount Olive Correctional Complex Operational Procedure 3.36 ("OP 3.36"). He asserts that OP 3.36 treats refusal to return a food tray as a minor offense warranting only the loss of certain privileges. The failure to return a food tray is indeed classified under OP 3.36 as "inappropriate behavior" warranting the temporary suspension of privileges. Contrary to plaintiff's assertion, however, OP 3.36 nowhere limits the applicable sanction to temporary suspension or prohibits the use of enhanced security procedures in such an instance.

The plaintiff's combined protestations respecting the food tray are thus meritless. Inmates are bound to follow the reasonable and lawful instructions of correctional officials. When they fail to do so, those officials are authorized to take actions consistent with the Eighth Amendment and governing law in restoring discipline and order. In sum, the correctional officers in this case, and Lieutenant Clifford in particular, were authorized to extract plaintiff when he failed to comply with instructions regarding the food tray. They needed no other justification to act, such as damage to state property or an

escape risk arising out of the allegation that plaintiff kicked his cell door.

Next, plaintiff emphasizes his allegation that Lieutenant Clifford stated to him, with respect to the tray, that she was going to make him "wish he had given it back." (Pl.'s Objecs. at 8). He contends that this bears on her subjective state of mind for that portion of the Eighth Amendment claim involving the extraction. This stray reference, however, does not overcome the magistrate judge's detailed analysis respecting why Lieutenant Clifford was entitled to judgment as a matter of law with regard to the extraction. While the court has confined the analysis above to plaintiff's failure to return the food try, it bears noting that he nowhere contests in his objections that he additionally (1) caused his foot to make contact with his cell door, (2) obstructed the view into his cell by covering its viewing panel, and (3) generally refused to follow instructions. The magistrate judge appropriately concluded that these circumstances warranted judgment as a matter of law on the extraction component of the Eighth Amendment claim.

Having considered the balance of the objections and having reviewed the matter de novo, the court adopts and incorporates herein the proposed findings and recommendation.

7

It is additionally ORDERED as follows:

1. That the defendants' motion for summary judgment be, and it hereby is, granted respecting the Eighth Amendment claim for use of force up to the conclusion of plaintiff's extraction from his cell, along with the First, Fifth, Sixth and Fourteenth Amendment claims, and his claims of supervisory liability, and otherwise denied;

2. That the Eighth Amendment restraint claim be, and hereby is, set for trial according to a schedule to issue on or before April 15, 2014; and

3. That plaintiff be, and he hereby is, directed to inform the court on or before April 10, 2014, whether he desires the appointment of counsel for the trial of this action.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: March 31, 2014

John T. Copenhaver, Jr.
United States District Judge

8